UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
AUG 30 2017

| | |
|---|---|
| ANDREW GREGORY SPOTTED ELK,<br><br>Plaintiff,<br><br>vs.<br><br>TAYLOR YOST,<br><br>Defendant. | 4:17-CV-04097-LLP<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT IN PART AND DIRECTING SERVICE |

## INTRODUCTION

Plaintiff, Andrew Spotted Elk is an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota. He filed this lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Docket 1; Docket 2. This Court screened Spotted Elk's complaint pursuant to 28 U.S.C. § 1915A. For the reasons below, his motion to proceed in forma pauperis is granted and his complaint is dismissed in part and survives screening in part.

## FACTUAL BACKGROUND

On August 6, 2016, Spotted Elk alleges Taylor Yost "kneed" him in the face while he was cuffed and chained down "while being held down by two other correctional officers." Docket 1 at 4. Spotted Elk further alleges that Taylor Yost called him "a sex offender and a rapist" after Taylor Yost "kneed" him. Id. at 4-5.

Spotted Elk submitted a request for administrative relief and appealed his request for relief. Id. Spotted Elk filed this complaint and motion for leave to proceed in forma pauperis on

July 26, 2017. *Id.* at 1. He raises claims of excessive force by an officer and hate crime. *Id.* at 4-5. He claims injuries of swelling, redness, and bruising to the face and emotional and psychological trauma. *Id.* In relief, Spotted Elk requests compensation for physical, mental, emotional, and psychological damages. Spotted Elk further requests legal fees, "future psychological treatment," "consent decrees for immediate administrative action against those in question," "training for officers on proper handling of situations regarding inmates in similar situations." *Id.* at 7.

## DISCUSSION

### I. Motion to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Plaintiff has reported average monthly deposits to his prisoner trust account of $0 and an average monthly balance of *negative* $709.58. Docket 3. Based on this information, the Court grants Plaintiff leave to proceed in forma pauperis and waives his initial partial filing fee.

In order to pay his filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at plaintiff's institution. Plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II. SCREENING PURSUANT TO § 1915A

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

28 U.S.C. § 1915A requires the Court to screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." §1915A(b).

**A. Excessive Force**

Spotted Elk alleges that Taylor Yost violated his rights by using excessive force against him. The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from the " 'unnecessary and wanton infliction of pain.' " *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)). In considering an Eighth Amendment claim for excess force, the "core judicial inquiry . . . [is] whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7). In evaluating whether the force was reasonable and in good faith, courts may consider the need for applying force, the relationship between that need and the amount of force utilized, the threat the responsible officials reasonably perceived, any efforts used to diminish the severity of a forceful response, and the extent of the injury inflicted. *Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008).

Spotted Elk has pleaded sufficient facts to show that Taylor Yost may not have applied force in a good faith effort to maintain or restore discipline. According to Spotted Elk, he was

4

"cuffed and chained down while being held down by two other corrections officers." Docket 1 at 4. That makes defendant's decision to knee Spotted Elk unlikely to be a good faith effort to maintain or restore discipline.

Spotted Elk has pleaded sufficient facts to show that Taylor Yost may have applied force that was maliciously meant to cause harm. In addition to the facts above, Spotted Elk's complaint alleges that, after being "kneed," Taylor Yost called Spotted Elk "a sex offender and a rapist." *Id.* at 5. Therefore, Spotted Elk states an excessive force claim against Taylor Yost.

### B. Hate Crime

Spotted Elk alleges that Taylor Yost committed a hate crime when he called Spotted Elk "a sex offender and a rapist." *Id.* Liberally construed, Spotted Elk may have intended a violation of the federal Hate Crimes Act (HCA) codified at 18 U.S.C. § 249. The HCA punishes willful conduct which causes bodily injury based on a person's "actual or perceived race, color ... actual or perceived religion, national origin, gender, sexual orientation, gender identity, or disability." 18 U.S.C. 249(a)(1)-(2). The HCA is a criminal statute. *Id.* The Eighth Circuit has described criminal statutes as "poor candidates for the imputation of private rights of action." *Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) (*quoting Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) (citations omitted)). The fact that Spotted Elk may be basing his §1983 claim on the violation of a criminal statute "does not necessarily preclude the implication of a private cause of action for damages," but it is well settled that criminal statutes will rarely survive §1983 analysis. *Frison*, 339 U.S. at 999 (*quoting Cort v. Ash*, 422 U.S. 66,79 (1975)). Spotted Elk has not identified a legal basis for a hate crime cause of action other than the Eighth Amendment. As discussed above, a complaint may be dismissed if it does not plead enough

5

facts to state a claim to relief that is plausible on its face. Therefore, Spotted Elk's hate crime claim is dismissed.

Accordingly, it is ORDERED

1. Plaintiff's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2. Plaintiff's institution will collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the court until the $350 filing fee is paid in full.

3. The clerk of the court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

4. Spotted Elk's excessive force claim survives screening under 28 U.S.C. § 1915A.

5. Spotted Elk's hate crime claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

6. The Clerk shall send blank summons forms to Spotted Elk so he may cause the summons and complaint to be served upon the defendant.

7. The United States Marshal shall serve a copy of the complaint (Docket 1), Summons, and this Order upon defendant as directed by Spotted Elk. All costs of service shall be advanced by the United States.

8. Defendant will serve and file an answer or responsive pleading to the remaining claim in the complaint on or before 21 days following the date of service.

9. Spotted Elk will serve upon defendant, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the Court. He will include with the original paper to

be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

10. Plaintiff will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated this 30th day of August, 2017.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk

By *[signature]*
Deputy